UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SCOTT JOHNSON,

        Plaintiff,

   v.

CALIFORNIA WELDING SUPPLY, INC.,
individually and d/b/a
CALIFORNIA WELDING SUPPLY
COMPANY; RAYMOND INVESTMENT
CORP., a California corporation,

        Defendants.
                               /

NO. CIV. 2:11-01669 WBS GGH

ORDER RE: MOTION TO DISMISS

----oo0oo----

        Plaintiff Scott Johnson brought this action alleging failure by defendants to remove access barriers to their welding supply store and seeking relief under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51, 52. Defendants now move to dismiss plaintiff's Complaint pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure on the grounds that the court no longer has subject matter

1

jurisdiction over plaintiff's claims.

I.   Factual and Procedural Background

Plaintiff is a quadriplegic and is thus a "person with a disability" and a "physically handicapped person" according to the ADA. (Compl. ¶ 1; 42 U.S.C. § 12102(2)(A); 28 C.F.R. § 36.104.) As a result of his disability, plaintiff has substantial limitations on major life activities, including standing, breathing, and reaching. (Compl. ¶ 1.) To function with these difficulties, plaintiff requires the use of a service animal, electric wheelchair, and a full-size van with hand-controls and a wheelchair lift. (Id.)

Twice in the past year, plaintiff claims he has visited California Welding Supply Company ("California Welding"), a welding supply and retail store. (Id. ¶¶ 2, 4.) During these visits, one of which occurred on or about April 3, 2011, plaintiff alleges that he encountered multiple barriers that made it difficult for him to make full and equal use of the premises. (Id. ¶ 4.) Specifically, plaintiff claims that because of his disability, the entrance door, pathways through the store, the service counter, signage, and striping caused him to experience difficulty, discomfort, and embarrassment. (Id.)

Plaintiff also claims that the customer parking and customer restroom he and his companion used during his April 3, 2011, visit were out of compliance with applicable disability laws. (Id.) Defendants contend that they do not and have never provided customer restrooms or customer parking. (Garcia Decl. ¶¶ 6,7.)

As a result of these barriers, plaintiff further claims

1  that he has been deterred from making two additional visits in
2  the past year.  (Compl. ¶ 4.)
3           According to the plaintiff, he mailed a letter to
4  defendants on December 5, 2010, informing them that their store
5  was inaccessible to him and asking that they bring it into
6  conformity with applicable disability laws.  (Id. ¶ 4, Ex. C.)
7  Defendants claim that they never received the letter as the
8  address to which the letter was mailed was no longer a valid
9  address.  (Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss at
10 3.)
11          Plaintiff filed this Complaint on June 20, 2011.
12 (Docket No. 1.)  Some time that same month, defendants, who had
13 not yet been served, allege that they were contacted by an
14 attorney who informed them that they were named as defendants in
15 a complaint alleging ADA violations.  (Mem. of P. & A. in Supp.
16 of Defs.' Mot. to Dismiss at 3.)  In response, defendants
17 contacted a disability accessability specialist and asked him to
18 perform a survey of California Welding.  (Id.; Garcia Decl. ¶ 8)
19 The initial survey identified several areas in which the premises
20 were not in compliance with the ADA or the California Building
21 Code.  (Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss at 3-
22 4; Simms Decl. Ex. A.)  Relying upon defendants' assertion that
23 they do not provide public-use parking or restrooms, the
24 specialist found that no changes were needed with respect to
25 parking or restroom facilities.  (Simms Decl. ¶¶ 5, 9.)
26          According to defendants, all of the access barriers
27 identified in the specialist's report were removed by July 18,
28 2011.  (Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss at 4.)

1  The accessability specialist made a follow-up visit to California
2  Welding on July 20, 2011, and reported that as of that date the
3  premises were in compliance with the ADA and the California
4  Building Code.  (Id.; Simms Decl. ¶ 10, Ex. A.)  Plaintiff
5  disputes defendants' claim that they are now in substantial
6  compliance with the ADA and the California Business Code on
7  several grounds.  (Pl's Opp. to Mot. to Dismiss ¶¶ 2-4.)

8         First, the specialist's report found that the
9  horizontal pull handle on the outside of the entrance door could
10 be opened without "tight grasping or pinching, or twisting of the
11 wrist" and was therefore in compliance.  (Simms Decl. ¶ 6.)
12 Plaintiff, however, claims that the handle was difficult for him
13 to use because of his limited hand grasping ability and is thus a
14 barrier to access.  (Pl.'s Opp. to Mot. to Dismiss ¶ 4; Johnson
15 Decl. ¶ 9.)

16        Second, plaintiff takes issue with the specialist's
17 reliance on defendants' assertion that they do not provide public
18 parking or public restrooms.  Plaintiff contends that California
19 Welding does provide such facilities.  (Id. ¶ 4.)  In support of
20 this position, plaintiff has filed a declaration stating that
21 when he visited the premises on April 3, 2011, he was permitted
22 to park in a parking lot outside of the store and that when his
23 companion asked if there was a customer-use restroom, she was
24 directed to a restroom inside the store.  (Johnson Decl. ¶¶ 4, 7;
25 Kem Decl. ¶¶ 2, 4.)  Defendants respond that the area in which
26 plaintiff claims to have parked is a loading dock and point to
27 the "No Public Restrooms" sign on the store front's window.
28 (Mem. of P. & A. in Supp. of Defs' Mot. to Dismiss at 4-5; Ambriz

1  Decl. Ex. B.)  At oral argument, the parties also disagreed as to
2  whether the bathroom in question is a unisex or women-only
3  facility.
4  II.  <u>Legal Standard</u>
5        Rule 12(h)(3) of the Federal Rules of Civil Procedure
6  provides that "[i]f the court determines at any time that it
7  lacks subject-matter jurisdiction, the court must dismiss the
8  action."  Fed. R. Civ. P. 12(h)(3).  "The distinction between a
9  Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that
10 the former may be asserted at any time and need not be responsive
11 to any pleading of the other party."  <u>Berkshire Fashions, Inc. v.</u>
12 <u>M.V. Hakusan II</u>, 954 F.2d 874, 880, n.3 (3d Cir. 1992); <u>see also</u>
13 <u>Kairy v. SuperShuttle Int'l, Inc.</u>, 721 F. Supp. 2d 884, 885 (N.D.
14 Cal. 2009) (applying a single standard to a motion to dismiss
15 pursuant to Rules 12(b)(1) and 12(h)(3)).
16       Under Federal Rule of Civil Procedure 12(b)(1), a
17 complaint must be dismissed once it is determined that a court
18 lacks subject matter jurisdiction to adjudicate the claims.  Fed.
19 R. Civ. P. 12(b)(1).  The court presumes a lack of jurisdiction
20 until the party asserting jurisdiction proves otherwise, and,
21 once subject matter jurisdiction has been challenged, the burden
22 of proof is placed on the party asserting that jurisdiction
23 exists.  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375,
24 376 (1994);  <u>Scott v. Breeland</u>, 792 F.2d 925, 927 (9th Cir. 1986)
25 (holding that "the party seeking to invoke the court's
26 jurisdiction bears the burden of establishing that jurisdiction
27 exists").
28       Ordinarily, when a Rule 12(b)(1) motion is ruled upon,

5

"no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983) (quoting Thornhill Publ'g Co. v. Gen. Tel. Corp., 594 F.2d 730, 733 (9th Cir. 1979)). The court is free to "review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

"[W]here a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief," however, the "question of jurisdiction and the merits of an action are intertwined." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039–40 (9th Cir. 2004) (quoting Timberland Lumber Co. v. Bank of Am., 549 F.2d 597, 602 (9th Cir. 1976)). In such circumstances, the court "assumes the truth of the allegations in a complaint . . . unless controverted by undisputed facts in the record." Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest., 406 F. Supp. 2d 1120, 1125 (S.D. Cal. 2005) [hereinafter "Brick Oven"] (citing Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987)). When jurisdiction is intertwined with merits, a court "must apply the summary judgment standard in deciding the motion to dismiss," Miller v. Lifestyle Creations, Inc., No. 90-16822, 1993 WL 173724, at *1 (9th Cir. May 24, 1993), and may not resolve any genuinely disputed material facts. Safe Air, 373 F.3d at 1309 (explaining that because jurisdictional and

6

substantive issues were intertwined, the district court should have treated the motion to dismiss for lack of jurisdiction as a motion for summary judgment).

Plaintiff's substantive claims and this court's jurisdiction are both premised upon the ADA, and so jurisdiction and substance are intertwined.  See Brick Oven, 406 F. Supp. 2d at 1126.  The court will therefore apply the summary judgment standard to defendants' motion to dismiss for lack of jurisdiction.

III. Analysis

Under the ADA, plaintiffs may only seek injunctive relief and attorney's fees.  See 42 U.S.C. § 12188(a)(1); Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 401-02 (1968).  Once a defendant has remedied all ADA violations complained of by a plaintiff, the plaintiff's claims become moot and he or she loses standing, meaning the court no longer has subject matter jurisdiction over the ADA claims.  Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1130-31 (C.D. Cal. 2005) (citing cases).[1]  "A

---

[1] Relying on Chapman, plaintiff also claims that "he has standing to seek injunctive relief as to all mobility related architectural barriers whether or not they have been identified in the complaint or whether known to the Plaintiff at this time." (Pl.'s Opp. to Mot. to Dismiss ¶ 1.)  According to plaintiff, under Chapman, he has standing because an unidentified expert, who it does not appear has yet visited the California Welding premises, "may identify additional architectural barriers which relate to the Plaintiff's mobility disability."  (Id.)

While it is true that the court in Chapman held that plaintiffs may have standing to bring ADA claims on the basis of barriers that they discover after their initial claim is filed, Chapman, 631 F.3d at 953, plaintiff cannot use hypothetical barriers that a hypothetical expert might find if he inspected the premises at some point in the future to show a concrete, particularized, and actual injury as required to establish standing, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  Chapman did not relieve plaintiffs of the burden of "show[ing] at each stage of the proceedings" that they suffer

1 defendant claiming that its voluntary compliance moots a case
2 bears a formidable burden." Friends of the Earth, Inc. v.
3 Laidlaw Envtl. Services, 528 U.S. 167, 170 (2000).
4      Defendants rely upon their accessibility specialist's
5 report to show that their facility is now compliant with all
6 applicable disability laws.  They further contend that because
7 their facility is now ADA compliant, plaintiff can no longer
8 obtain injunctive relief and has therefore lost his standing to
9 bring his ADA claims.  However, the accessibility specialist's
10 finding is based in part on defendants' claim that they do not
11 provide public parking or public-use restrooms and therefore do
12 not need to make any changes to those aspects of their facility,
13 a claim which plaintiff disputes.
14      Plaintiff presents evidence that during his April 3,
15 2011, his companion was allowed to use the unisex restroom the
16 defendants claim is not available for public use and is a women-
17 only restroom.  Further, he claims that the restroom facility
18 creates access barriers related to his disability that prevent
19 him from making full and equal use of the premises.  The parties'
20 divergent allegations create a genuine dispute as to a material
21 fact.  Similarly, although defendants claim that the paved area
22 outside the entrance to California Welding is a loading dock

---

from an injury-in-fact sufficient to support standing or of satisfying applicable pleading standards. Chapman, 631 F.3d at 953-54 (plaintiff had no standing where he "never allege[d] what [the] barriers were and how his disability was affected by them so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement"); see also Neely v. St. Paul Fire & Marine Ins. Co., 584 F.2d 341, 344 (9th Cir. 1978) ("An opposing party's mere hope that further evidence may develop prior to trial is an insufficient basis upon which to justify denial of a motion for summary judgment.").

8

where customer parking is not and cannot be permitted, plaintiff alleges that he was allowed to park in that area during his April 3, 2011, visit.

The parties' disagreements are not limited to questions surrounding the parking and restroom facilities.  In addition to the dispute over whether the entry doors have door handles that are "easy to grasp with one hand," (Simms Decl. ¶ 6), plaintiff disputes defendants' claim that the lowered service counter they now provide offers plaintiff "full and equal access," (Simms Decl. ¶ 7).  Specifically, plaintiff complains of the lack of a credit card reader at the new counter.  Because of these disputed issues of material fact in this action where the jurisdictional and substantive issues are intertwined, the court cannot dismiss this action for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that defendants' motion to dismiss be, and the same hereby is, DENIED.

DATED:  October 27, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE