1

2

3

4

5

6

7

8

9                      UNITED STATES DISTRICT COURT

10                     EASTERN DISTRICT OF CALIFORNIA

11                          ----oo0oo----

12   SCOTT JOHNSON,
                                      NO. CIV. 2:11-01669 WBS GGH
13              Plaintiff,

14        v.                          ORDER RE: MOTION TO DISMISS

15   CALIFORNIA WELDING SUPPLY, INC.,
     individually and d/b/a
16   CALIFORNIA WELDING SUPPLY
     COMPANY; RAYMOND INVESTMENT
17   CORP., a California corporation,

18              Defendants.
     _____/
19

20                          ----oo0oo----

21        Plaintiff Scott Johnson brought this action alleging

22   failure by defendants to remove access barriers to their welding

23   supply store and seeking relief under the Americans with

24   Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and

25   California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code

26   §§ 51, 52.  Defendants now move to dismiss plaintiff's Complaint

27   pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure

28   on the grounds that the court no longer has subject matter

                                  1

1  jurisdiction over plaintiff's claims.

2  I.   <u>Factual and Procedural Background</u>

3          Plaintiff is a quadriplegic and is thus a "person with
4  a disability" and a "physically handicapped person" according to
5  the ADA.  (Compl. ¶ 1; 42 U.S.C. § 12102(2)(A); 28 C.F.R. §
6  36.104.)  As a result of his disability, plaintiff has
7  substantial limitations on major life activities, including
8  standing, breathing, and reaching.  (Compl. ¶ 1.)  To function
9  with these difficulties, plaintiff requires the use of a service
10  animal, electric wheelchair, and a full-size van with hand-
11  controls and a wheelchair lift.  (<u>Id.</u>)

12          Twice in the past year, plaintiff claims he has visited
13  California Welding Supply Company ("California Welding"), a
14  welding supply and retail store.  (<u>Id.</u> ¶¶ 2, 4.)  During these
15  visits, one of which occurred on or about April 3, 2011,
16  plaintiff alleges that he encountered multiple barriers that made
17  it difficult for him to make full and equal use of the premises.
18  (<u>Id.</u> ¶ 4.)  Specifically, plaintiff claims that because of his
19  disability, the entrance door, pathways through the store, the
20  service counter, signage, and striping caused him to experience
21  difficulty, discomfort, and embarrassment.  (<u>Id.</u>)

22          Plaintiff also claims that the customer parking and
23  customer restroom he and his companion used during his April 3,
24  2011, visit were out of compliance with applicable disability
25  laws.  (<u>Id.</u>)  Defendants contend that they do not and have never
26  provided customer restrooms or customer parking.  (Garcia Decl.
27  ¶¶ 6,7.)

28          As a result of these barriers, plaintiff further claims

1  that he has been deterred from making two additional visits in

2  the past year.  (Compl. ¶ 4.)

3          According to the plaintiff, he mailed a letter to

4  defendants on December 5, 2010, informing them that their store

5  was inaccessible to him and asking that they bring it into

6  conformity with applicable disability laws.  (Id. ¶ 4, Ex. C.)

7  Defendants claim that they never received the letter as the

8  address to which the letter was mailed was no longer a valid

9  address.  (Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss at

10 3.)

11         Plaintiff filed this Complaint on June 20, 2011.

12 (Docket No. 1.)  Some time that same month, defendants, who had

13 not yet been served, allege that they were contacted by an

14 attorney who informed them that they were named as defendants in

15 a complaint alleging ADA violations.  (Mem. of P. & A. in Supp.

16 of Defs.' Mot. to Dismiss at 3.)  In response, defendants

17 contacted a disability accessability specialist and asked him to

18 perform a survey of California Welding.  (Id.; Garcia Decl. ¶ 8)

19 The initial survey identified several areas in which the premises

20 were not in compliance with the ADA or the California Building

21 Code.  (Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss at 3-

22 4; Simms Decl. Ex. A.)  Relying upon defendants' assertion that

23 they do not provide public-use parking or restrooms, the

24 specialist found that no changes were needed with respect to

25 parking or restroom facilities.  (Simms Decl. ¶¶ 5, 9.)

26         According to defendants, all of the access barriers

27 identified in the specialist's report were removed by July 18,

28 2011.  (Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss at 4.)

The accessability specialist made a follow-up visit to California Welding on July 20, 2011, and reported that as of that date the premises were in compliance with the ADA and the California Building Code. (Id.; Simms Decl. ¶ 10, Ex. A.)  Plaintiff disputes defendants' claim that they are now in substantial compliance with the ADA and the California Business Code on several grounds.  (Pl's Opp. to Mot. to Dismiss ¶¶ 2-4.)

First, the specialist's report found that the horizontal pull handle on the outside of the entrance door could be opened without "tight grasping or pinching, or twisting of the wrist" and was therefore in compliance.  (Simms Decl. ¶ 6.) Plaintiff, however, claims that the handle was difficult for him to use because of his limited hand grasping ability and is thus a barrier to access.  (Pl.'s Opp. to Mot. to Dismiss ¶ 4; Johnson Decl. ¶ 9.)

Second, plaintiff takes issue with the specialist's reliance on defendants' assertion that they do not provide public parking or public restrooms.  Plaintiff contends that California Welding does provide such facilities.  (Id. ¶ 4.)  In support of this position, plaintiff has filed a declaration stating that when he visited the premises on April 3, 2011, he was permitted to park in a parking lot outside of the store and that when his companion asked if there was a customer-use restroom, she was directed to a restroom inside the store.  (Johnson Decl. ¶¶ 4, 7; Kem Decl. ¶¶ 2, 4.)  Defendants respond that the area in which plaintiff claims to have parked is a loading dock and point to the "No Public Restrooms" sign on the store front's window. (Mem. of P. & A. in Supp. of Defs' Mot. to Dismiss at 4-5; Ambriz

4

1  Decl. Ex. B.)  At oral argument, the parties also disagreed as to

2  whether the bathroom in question is a unisex or women-only

3  facility.

4  II.  Legal Standard

5          Rule 12(h)(3) of the Federal Rules of Civil Procedure

6  provides that "[i]f the court determines at any time that it

7  lacks subject-matter jurisdiction, the court must dismiss the

8  action."  Fed. R. Civ. P. 12(h)(3).  "The distinction between a

9  Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that

10 the former may be asserted at any time and need not be responsive

11 to any pleading of the other party."  Berkshire Fashions, Inc. v.

12 M.V. Hakusan II, 954 F.2d 874, 880, n.3 (3d Cir. 1992); see also

13 Kairy v. SuperShuttle Int'l, Inc., 721 F. Supp. 2d 884, 885 (N.D.

14 Cal. 2009) (applying a single standard to a motion to dismiss

15 pursuant to Rules 12(b)(1) and 12(h)(3)).

16         Under Federal Rule of Civil Procedure 12(b)(1), a

17 complaint must be dismissed once it is determined that a court

18 lacks subject matter jurisdiction to adjudicate the claims.  Fed.

19 R. Civ. P. 12(b)(1).  The court presumes a lack of jurisdiction

20 until the party asserting jurisdiction proves otherwise, and,

21 once subject matter jurisdiction has been challenged, the burden

22 of proof is placed on the party asserting that jurisdiction

23 exists.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375,

24 376 (1994);  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986)

25 (holding that "the party seeking to invoke the court's

26 jurisdiction bears the burden of establishing that jurisdiction

27 exists").

28         Ordinarily, when a Rule 12(b)(1) motion is ruled upon,

5

1  "no presumptive truthfulness attaches to plaintiff's allegations,

2  and the existence of disputed material facts will not preclude

3  the trial court from evaluating for itself the merits of

4  jurisdictional claims." Augustine v. United States, 704 F.2d

5  1074, 1077 (9th Cir. 1983) (quoting Thornhill Publ'g Co. v. Gen.

6  Tel. Corp., 594 F.2d 730, 733 (9th Cir. 1979)).  The court is

7  free to "review any evidence, such as affidavits and testimony,

8  to resolve factual disputes concerning the existence of

9  jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th

10 Cir. 1988).

11      "[W]here a statute provides the basis for both the

12 subject matter jurisdiction of the federal court and the

13 plaintiff's substantive claim for relief," however, the "question

14 of jurisdiction and the merits of an action are intertwined."

15 Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039-40 (9th Cir.

16 2004) (quoting Timberland Lumber Co. v. Bank of Am., 549 F.2d

17 597, 602 (9th Cir. 1976)).  In such circumstances, the court

18 "assumes the truth of the allegations in a complaint . . . unless

19 controverted by undisputed facts in the record." Org. for

20 Advancement of Minorities with Disabilities v. Brick Oven Rest.,

21 406 F. Supp. 2d 1120, 1125 (S.D. Cal. 2005) [hereinafter "Brick

22 Oven"] (citing Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th

23 Cir. 1987)).  When jurisdiction is intertwined with merits, a

24 court "must apply the summary judgment standard in deciding the

25 motion to dismiss," Miller v. Lifestyle Creations, Inc., No. 90-

26 16822, 1993 WL 173724, at *1 (9th Cir. May 24, 1993), and may not

27 resolve any genuinely disputed material facts. Safe Air, 373

28 F.3d at 1309 (explaining that because jurisdictional and

1  substantive issues were intertwined, the district court should

2  have treated the motion to dismiss for lack of jurisdiction as a

3  motion for summary judgment).

4          Plaintiff's substantive claims and this court's

5  jurisdiction are both premised upon the ADA, and so jurisdiction

6  and substance are intertwined.  See Brick Oven, 406 F. Supp. 2d

7  at 1126.  The court will therefore apply the summary judgment

8  standard to defendants' motion to dismiss for lack of

9  jurisdiction.

10  III. Analysis

11          Under the ADA, plaintiffs may only seek injunctive

12  relief and attorney's fees.  See 42 U.S.C. § 12188(a)(1); Newman

13  v. Piggie Park Enters., Inc., 390 U.S. 400, 401-02 (1968).  Once

14  a defendant has remedied all ADA violations complained of by a

15  plaintiff, the plaintiff's claims become moot and he or she loses

16  standing, meaning the court no longer has subject matter

17  jurisdiction over the ADA claims.  Grove v. De La Cruz, 407 F.

18  Supp. 2d 1126, 1130-31 (C.D. Cal. 2005) (citing cases).[1]  "A

19

20          [1]     Relying on Chapman, plaintiff also claims that "he has
    standing to seek injunctive relief as to all mobility related
21  architectural barriers whether or not they have been identified
    in the complaint or whether known to the Plaintiff at this time."
22  (Pl.'s Opp. to Mot. to Dismiss ¶ 1.)  According to plaintiff,
    under Chapman, he has standing because an unidentified expert,
23  who it does not appear has yet visited the California Welding
    premises, "may identify additional architectural barriers which
24  relate to the Plaintiff's mobility disability."  (Id.)
          While it is true that the court in Chapman held that
25  plaintiffs may have standing to bring ADA claims on the basis of
    barriers that they discover after their initial claim is filed,
26  Chapman, 631 F.3d at 953, plaintiff cannot use hypothetical
    barriers that a hypothetical expert might find if he inspected
27  the premises at some point in the future to show a concrete,
    particularized, and actual injury as required to establish
28  standing, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560
    (1992).  Chapman did not relieve plaintiffs of the burden of
    "show[ing] at each stage of the proceedings" that they suffer

7

1    defendant claiming that its voluntary compliance moots a case

2    bears a formidable burden." Friends of the Earth, Inc. v.

3    Laidlaw Envtl. Services, 528 U.S. 167, 170 (2000).

4        Defendants rely upon their accessibility specialist's

5    report to show that their facility is now compliant with all

6    applicable disability laws.  They further contend that because

7    their facility is now ADA compliant, plaintiff can no longer

8    obtain injunctive relief and has therefore lost his standing to

9    bring his ADA claims.  However, the accessibility specialist's

10   finding is based in part on defendants' claim that they do not

11   provide public parking or public-use restrooms and therefore do

12   not need to make any changes to those aspects of their facility,

13   a claim which plaintiff disputes.

14       Plaintiff presents evidence that during his April 3,

15   2011, his companion was allowed to use the unisex restroom the

16   defendants claim is not available for public use and is a women-

17   only restroom.  Further, he claims that the restroom facility

18   creates access barriers related to his disability that prevent

19   him from making full and equal use of the premises.  The parties'

20   divergent allegations create a genuine dispute as to a material

21   fact.  Similarly, although defendants claim that the paved area

22   outside the entrance to California Welding is a loading dock

23

24   from an injury-in-fact sufficient to support standing or of
     satisfying applicable pleading standards.  Chapman, 631 F.3d at
25   953-54 (plaintiff had no standing where he "never allege[d] what
     [the] barriers were and how his disability was affected by them
26   so as to deny him the 'full and equal' access that would satisfy
     the injury-in-fact requirement"); see also Neely v. St. Paul Fire
27   & Marine Ins. Co., 584 F.2d 341, 344 (9th Cir. 1978) ("An
     opposing party's mere hope that further evidence may develop
28   prior to trial is an insufficient basis upon which to justify
     denial of a motion for summary judgment.").

1  where customer parking is not and cannot be permitted, plaintiff
2  alleges that he was allowed to park in that area during his April
3  3, 2011, visit.

4          The parties' disagreements are not limited to questions
5  surrounding the parking and restroom facilities.  In addition to
6  the dispute over whether the entry doors have door handles that
7  are "easy to grasp with one hand," (Simms Decl. ¶ 6), plaintiff
8  disputes defendants' claim that the lowered service counter they
9  now provide offers plaintiff "full and equal access," (Simms
10 Decl. ¶ 7).  Specifically, plaintiff complains of the lack of a
11 credit card reader at the new counter.  Because of these disputed
12 issues of material fact in this action where the jurisdictional
13 and substantive issues are intertwined, the court cannot dismiss
14 this action for lack of subject matter jurisdiction.

15         IT IS THEREFORE ORDERED that defendants' motion to
16 dismiss be, and the same hereby is, DENIED.

17 DATED:  October 27, 2011

18
19                                  _____
20                                  WILLIAM B. SHUBB
                                    UNITED STATES DISTRICT JUDGE
21
22
23
24
25
26
27
28

9